**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | | |
| | ) | | |
| **PLAINTIFF,** | ) | | |
| | ) | | |
| | ) | | |
| **v.** | ) | No. | 2:16-CR-20003 |
| | ) | | |
| | ) | | |
| **ARTHUR ALFORD,** | ) | | |
| | ) | | |
| **DEFENDANT.** | ) | | |
| | ) | | |

## DEFENDANT'S MEMORANDUM OF LAW AND FACTS IN SUPPORT OF MOTION TO SUPPRESS

**COMES NOW** the Defendant, Arthur Alford, (hereafter "Defendant"), by and through his undersigned counsel of record in this cause, and pursuant to Federal Local Criminal Rule of Procedure 12.1(b), in conjunction with his Motion to Suppress filed contemporaneously herewith, submits unto this Honorable Court the following Memorandum of Law and Facts in Support of Motion to Suppress:

### STATEMENT OF FACTS

On or about July 16, 2015 Agent Gregg Land executed a search warrant at the 1866 Highway 209 address, reportedly seizing contraband from the residence. (See Search Warrant, filed herewith as Exhibit #1).

## SUMMARY OF ARGUMENT

At the time of Defendant's detention, seizure, and the search of his person and his property, the investigating officers lacked sufficient probable cause, exigent circumstances and/or articulable facts and individualized suspicion to obtain and execute a valid warrant. Upon entry, officers proceeded to conduct the ensuing search of the premises, Defendant's person, as well as interrogated Defendant without first Mirandizing him in violation of Defendant's constitutional rights. Therefore, this Court should suppress any and all evidence and/or statements obtained by officers from Defendant on July 16, 2015 as a result of the officers' unconstitutional search and seizure as well as the unlawful tactics employed by detectives to obtain a statement from Defendant in this cause in violation of Defendant's right against self-incrimination.

## LEGAL ARGUMENT

Constitutional Provisions

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable search and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." [2] The areas and interests protected by the Fourth Amendment are protected only from governmental action.[3]

---

[2] U.S.C.A. Const. Amend. IV
[3] *Burdeau v. McDowell*, 256 U.S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 S.L.R. 1159 (1921).

Warrant Standard of Review

In *Illinois v. Gates*, 462 U.S. 213, 239 (1983), Justice Rehnquist in delivering the opinion of the Court stated, in pertinent part, that:

> "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."

Furthermore, the *Gates* Court opined that in making a determination whether an affidavit based on a confidential informant's tip is sufficient in light of the circumstances stated that "even if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first hand entitles his tip to greater weight than might otherwise be the case*." Id*. at 234. Indeed, "sufficient information must be present to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *Id.* at 239. In order to ensure that such an abdication of the magistrate's duty does not occur, courts must conscientiously review the sufficiency of affidavits on which warrants are issued. *Id.*

As explained in *United States v. Weaver*, "the court must …insist that the magistrate perform his 'neutral and detached' function and not serve merely as a rubber stamp for police." *Weaver*, 99 F.3d 1372, 1376 (6th Cir. 1996). Moreover, the "deference to the issuing magistrate… is not boundless." *Id*. (quoting *United States v. Leon*, 468 U.S. 897, 914 (1984). For the magistrate to be able to properly perform this official function, the affidavit presented must contain adequate supporting facts about the underlying circumstances to show that probable cause exists for the issuance of the warrant. *Weaver,* 99 F.3d 1372, 1377 (citing *Whiteley v. Warden*, 401 U.S. 560 (1971).

Motion to Suppress Standard

Pursuant to Federal Rules of Criminal Procedure 41(h) and 12(b)(3)(C), a person aggrieved by an unlawful or invalid search or seizure may move the court to suppress any evidence obtained by unlawful search and seizure. The motion to suppress shall be granted if the evidence in support of the motion shows that the search or seizure was made *illegally without a search warrant* or illegally with an *invalid search warrant*, or in any other way in violation of the constitutional protection against unreasonable searches and seizures. *Id*. [9] The basic rule of *Wong Sun v. United States*, 371 U.S. 471 (1963), is that evidence seized as a result of a Fourth Amendment violation and evidence derived therefrom is inadmissible in criminal trials.

**I.  This Court should suppress the evidence seized by Agent Gregg Land as a result of an unconstitutional and illegal seizure and search of Defendant's person and premises and subsequent unlawful interrogation of Defendant.**

The detention and search of Defendant's premises and person by Agent Land and the Drug Task Force on July 16, 2015, was a violation of Defendant's Fourth and Fifth Amendment rights. It is well settled that a search and seizure has occurred under the Fourth Amendment of the U.S. Constitution when the government physically trespassed into a "constitutionally protected area." [10] These areas can include persons, houses, papers, and effects that are specifically mentioned in the Fourth Amendment. The Fourth Amendment, in pertinent part, states that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation

---

[9] See also *Minnesota v. Dickerson*, 508 U.S. 366, 113 S. Ct. 2130, 124 L. Ed. 2d 334 (1993). (invalidating seizure of contraband pursuant to patdown)
[10] Silverman v. U.S., 365 U.S. 505, 81 S. Ct. 679, 5 L.Ed. 2d 734, 97 A.L.R.2d 1277 (1961).

and particularly describing the place to be searched and the persons or things to be seized."[11] Moreover, in *Illinois v. Gates*, the Court adopted the "totality of the circumstances test" that should be used when making determinations as to whether there is a fair probability that contraband or evidence of crime will be found in a particular place. *Gates*, 462 U.S. at 239.

Similar to the well-established rule in *Wong Sun*, in *Weeks v. United States*, 232 U.S. 383 (1914), the Supreme Court adopted the federal exclusionary rule for evidence that was unlawfully seized from a home without a warrant in violation of the Fourth Amendment. This same rule was applied to the States, through the Fourteenth Amendment in *Mapp v. Ohio*, 367 U.S. 643 (1961). The Exclusionary Rule remains the proper remedy in circumstances where the government and/or its agents invade a home without a warrant or with an invalid warrant. Here, the weight of the evidence supports Defendant's contention that the warrant and affidavit are vague and lack specific facts to establish probable cause, and entry to Defendant's premises was therefore unconstitutional and unlawful. Furthermore, the statements made to allege his ownership of a 9mm caliber pistol were solicited prior to Defendant being advised of Miranda Rights as required by the Fifth Amendment of the United States Constitution and the prohibition of using coercion to obtain statements from suspects. *Wong Sun*, 371 U.S. 471, 487-88. Therefore, in this case all evidence seized in violation of the above-referenced authorities should be suppressed.

In *Oregon v. Elstad*, 470 U.S. 298 (1985), the Supreme Court explained that:

"The finder of fact must examine the surrounding circumstances and the entire course of police conduct with respect to the suspect in evaluating the voluntariness of his statements. The fact that a suspect chooses to speak after being informed of his rights is of course, highly probative. We find that Miranda and the goals of the Fifth Amendment proscription against the use of compelled testimony are fully satisfied in the circumstances of the case by barring the use of the unwarned statement in the case in chief."

---

[11] U.S.C.A. Const. Amend. IV

As the Court held in *Elstad,* the Miranda exclusionary rule, however, serves the Fifth Amendment and sweeps more broadly than the Fifth Amendment itself. *Elstad,* 470 U.S. at 306. "Consequently, unwarned statements that are otherwise voluntary within the meaning of the Fifth Amendment must nevertheless be excluded from evidence under *Miranda.*" *Id.* at 307. In the case at bar, this Court should apply the same analysis to Defendant's statements related to possession of a 9mm pistol prior to being advised of his Miranda rights. Defendant gave statements to detectives that were both involuntary and that were made while Defendant was in custody but had not been Mirandized. Officers asked Defendant incriminating questions prior to providing him his well-settled rights under *Miranda.* Our Supreme Court reminded us more recently, in *Missouri v. Seibert*, that Miranda warnings given mid-interrogation, after Defendant gave unwarned confession, were ineffective, and thus confession repeated after warnings were given was inadmissible at trial. *Seibert,* 542 U.S. 600, 610 (2004). This case presents no exception to the Rule. The officers asked questions that clearly elicited incriminating responses while Defendant was seized in the presence of numerous officers. The conversation was far from voluntary and transpired, initially, in the absence of proper Miranda warnings.

## II. **The facts of this case closely resemble *United States v. Weaver*, where the Court of Appeals found the warrant to be invalid based on the *Gates* "totality of the circumstances analysis".**

With respect to the search warrant at issue in this case, the facts are similar in *U.S. v. Weaver*, 99 F.3d 1372, (6th Cir. 1996), where the Court of Appeals determined that the affidavit submitted by the detective did not support issuance of a warrant to search defendant's residence and that the detective did not rely in good faith on an invalid warrant. The *Weaver* Court applied the *Gates* "totality of the circumstances" analysis in finding the warrant insufficient, which

contemplates both the informant's veracity and basis of knowledge. The Court focused on two factors, considered together, to determine whether an affidavit based on an informant's tip provides a substantial basis for probable cause: (1) an "explicit and detailed description of alleged wrongdoing" and (2) corroboration of the tip through the officer's independent investigative work. *Id.* at 1377. In its analysis, the court stated that "reading this affidavit in a 'practical, common-sense' manner, the only claim of possible wrongdoing is the averment that, within three days prior to the affidavit date, the informant was on the suspect premises and, while there, he saw some quantity of marijuana 'expressly for the purpose of unlawful distribution.'" *Id*. at 1378. The *Weaver* court went on to explain that there were "no factual circumstances to support the informant's knowledge regarding distribution, nor the detective's own 'belief' that these quantities of marijuana were present 'for the purpose or with the intention of unlawful possession, sale or transportation,' or that marijuana would be present at the time the warrant was executed." *Id.* Indeed, as *Weaver* reminds, "The security of one's privacy against arbitrary intrusion by the police--which is at the core of the Fourth Amendment--is basic to a free society." *Weaver,* 99 F.3d at 1381.

Here, in this case the warrant purportedly relies upon information received by Affiant from "Brandon Jeffery Gwaltney," an informant, restated in the Affidavit: "Affiant knows that on July 16th 2015…[Gwaltney] was arrested after Ptl Kirkpatrick seized a partially smoke cigar containing what is believed to be synthetic marijuana from the car of which he was a passenger in." **(Exhibit #1 "Affidavit in Application for Search Warrant").** According to the Affidavit, Kirkpatrick interviewed Gwaltney, who signed a waiver stating only that "[Gwaltney] had just purchased the synthetic marijuana for fifty dollars from an individual named 'Snoop' at the A frame house," and that he (Gwaltney) intended to smoke the synthetic marijuana. However,

7

beyond this, nothing further is stated in the Affidavit to illustrate either the informant's veracity, such as reference to the number of seizures in which the informant was responsible for assisting officers, number of convictions related to valid seizures, and whether all items listed in the Affidavit for the Search Warrant were pursuant to one (1) prior conviction and/or bust or multiple arrests. Additionally, nothing further is stated in the Affidavit to illustrate the basis for the informant's accusation that he purchased the marijuana from Defendant, such as particularized facts describing the location, the Defendant or the circumstances of the purchase. Furthermore, the Warrant does not make any mention of the officer's independent, corroborative work or factual circumstances that might otherwise support the contention that the officer believed that the Defendant possessed quantities of marijuana that were present for the purpose of sale and/or distribution at the time the warrant was executed. *See United States v. Hammond,* 351 F.3d 765 (6th Cir. 2003)(holding informant's tip, without more, insufficient to establish probable cause.) The execution of the subject search was conducted several days after the warrant was issued making the totality analysis articulated in *Gates* and *Weaver* even more critical in this case. There was no indication by officers in the Affidavit of independently observed hand to hand transactions occurring at the subject premises. Furthermore, "the probable cause inquiry gauges the likelihood that evidence of a crime may *presently* be found at a certain location." *United States v. Hython,* 443 F.3d 480 (6th Cir. 2006).

 Similarly, in this case the warrant at issue should be deemed invalid for vagueness and lack of factual content and thus insufficient to establish the requisite facts for probable cause. The Affidavit on which probable cause for the Search Warrant was issued lacked particularized facts regarding the circumstances alleged by the informant. Further, the Affiant-Officer failed to

corroborate the informant's allegations through independent investigative research. Therefore, there is no substantial basis for probable cause and the warrant should be deemed invalid.

## CONCLUSION

In light of the all the surrounding circumstances, including the failure of officers to lawfully advise Defendant of his rights prior to interrogating him and the failure of officers to obtain a warrant based on sufficient probable cause and to execute the warrant timely, all evidence obtained including statements made by Defendant, should therefore be deemed unconstitutional, and the results of same, accordingly, should be suppressed. Moreover, because there is no independent, additional evidence sufficient to link Defendant to this indictment without this evidence, the indictment should be dismissed.

.

                          **RESPECTFULLY SUBMITTED,**

                          *THE WHARTON LAW FIRM*

                          s/André C. Wharton
                          André C. Wharton (#022588)
                          1575 Madison Avenue
                          Memphis, Tennessee 38104
                          901-726-6884
                          Attorney for Defendant

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true copy of the foregoing Motion to Suppress was forwarded by electronic means via the Court's electronic filing system/and/or email to Mr. Samuel Stringfellow, Assistant U.S. Attorney, 167 N. Main, Suite 800, Memphis, TN 38103, this the 16th day of May, 2016.

              _s/André C. Wharton_____