IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | NO.: 2:16-Cr-20003-SHL |
| ) | |
| ARTHUR ALFORD, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE OPPOSING DEFENDANT'S MOTION TO SUPPRESS**

**COMES NOW,** Defendant, Arthur Alford, (hereafter "Defendant"), by and through his undersigned counsel of record, and files this brief reply to the Government's Response opposing Defendant's Motion to Suppress filed May 16, 2016.

In its Response, the Government asserts that Defendant's Motion to Suppress is meritless for two reasons: (1) there was sufficient probable cause for the judge to rely upon when issuing the search warrant that led to the evidence uncovered at Defendant's residence; and (2) notwithstanding the court's decision regarding probable cause, the officers acted in good-faith reliance when executing the warrant, and the evidence should not be subject to the Exclusionary Rule. In concluding that there was a substantial basis for a judge to find probable cause, the Government relies on: (1) Agent Gregg Land's experience with the 25th Judicial Drug Task Force, (2) complaints received about the sale of narcotics at Defendant's residence or in the area where Defendant lived, (3) and the statement given by Brandon Gwaltney alleging that he

purchased synthetic cannabinoids from Defendant. In the event that the court finds that there was insufficient probable cause supporting the search warrant, the Government argues Good Faith Reliance as an exception to the Exclusionary Rule, because it alleges the affidavit contained enough information to allow for the objectively reasonable reliance by an officer. The Government boldly declares that the affidavit relied upon in this case was not analogous to the "bare bones" affidavits which the Supreme Court has declared insufficient for application of the Good Faith Exception.

## ARGUMENT

I. **The affidavit is plainly insufficient to establish a basis for probable cause**.

The Government concludes that certain facts taken together establish a substantial basis for a reasonable person to conclude that a search would uncover evidence of wrongdoing. However, it is clear that this affidavit is the type of "bare bones" affidavit that is typically insufficient as a basis for probable cause.

A warrant will be upheld when, in making the determination as to whether there is sufficient probable cause, the "magistrate had a 'substantial basis for…concluding' that a search would uncover evidence of wrongdoing." *U.S. v. Weaver*, 99 F.3d 1372, 1376 (6th Cir. 1996) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). When probable cause is based on an anonymous tip, the magistrate considers the declarant's veracity and basis of knowledge. *Gates*, 462 U.S. at 238. With a confidential informant, the magistrate's determination of whether the affidavit provides a "substantial basis" for probable cause looks for:

> (1) an 'explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles [the informant's tip] to greater weight than might otherwise be the case'; and, (2) corroboration of the tip through the officer's independent investigative work is significant.

*Weaver*, 99 F.3d at 1377. "Consequently, it is possible that weak factual information may be bolstered if the authorities undertook probative efforts to corroborate an informant's claim through independent investigations." *Id.* at 1379.

Further, "An affidavit that states suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge, is a 'bare bones' affidavit." *Id.* at 1378. In *Weaver*, police received a reliable tip regarding a possible narcotics operation occurring at a residence belonging to Weaver, a convicted felon. *Id.* at 1375. Police confirmed that the utilities at the residence were held in Weaver's name. *Id.* A detective arranged for the informant to purchase marijuana at the location, but the police did not arrange surveillance of the transaction. *Id.* Thereafter, the detective met with the informant, who confirmed that he had purchased marijuana at the location; however, the detective took no additional steps to corroborate the informant's claims. *Id.* The detective submitted a preprinted form affidavit with blanks filled in identifying Weaver to a judge, who issued a warrant to search the location for marijuana. *Id.* The search unearthed a small amount of marijuana, constituting misdemeanor possession, and several firearms, which Weaver, as a convicted felon, could not own as a condition of his probation. *Id.* at 1374. The court found the informant's affidavit to be "bare bones," because it did not present the type of "underlying factual circumstances to support the informant's knowledge regarding distribution, nor the detective's own 'belief' that these quantities of marijuana were present 'for the purpose or with the intention of unlawful possession, sale or transportation,' or even that marijuana would be on the premises when the warrant was executed." *Id.* at 1378.

In this case, the Government argues that the affidavit was not "bare bones;" however, the affidavit presented no particularized facts linking Defendant to the narcotics the search warrant

3

sought beyond Gwaltney's uncorroborated claim that he purchased the narcotics from Defendant. The affidavit made no specific claims regarding the interior of the home, Defendant's behavior on the occasion Gwaltney alleged he purchased the narcotics from Defendant, or any other particularized facts regarding the transaction. Gwaltney only claimed that he purchased the narcotics from Defendant at Defendant's residence.  Furthermore, the extent of the detective's independent corroboration consisted of a public records search that any person could have performed. Even the anonymous complaints regarding the sale of narcotics appear unreliable and the Government vacillates between stating that the complaints identified Defendant's home specifically and stating that the complaints merely identified the area where Defendant lived. Without certain particularized facts connecting Defendant to the sale of the suspected narcotics, the blind assertion of an arrestee, Gwaltney, and the verification of Defendant's address through a public records search is an insufficient basis for probable cause.  Accordingly, without more specificity provided by Gwaltney, more from the officer's independent corroboration or more regarding proof of Gwaltney's prior investigative history reflecting his trustworthiness and reliability, this affidavit was severely lacking and the evidence seized in this case must be suppressed.

      **II.**    **Reliance on a "bare bones" affidavit represents one of the four specific situations the Supreme Court has declared inappropriate for application of the Good Faith Exception.**

In *United States v. Leon*, the "the Supreme Court held that the exclusionary rule 'should be modified so as to not bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective.'" *U.S. v. Leon,* 468 897, 924 (1984).  However, "The Court noted four specific situations where the good faith reliance exception was inappropriate…where 'the warrant application was supported by [nothing] more

4

than a 'bare bones' affidavit." *Weaver*, 99 F.3d 1372 (1966). The accused in *Weaver* challenged the detective's Good Faith Reliance on a "bare bones" affidavit. While the detective in that case obtained information regarding possible criminal activity prior, he

> (1) Possessed no prior personal knowledge of any unlawful activity by this suspect, or at the suspect residence, other than an old conviction on completely unrelated circumstances; (2) possessed no present personal knowledge of any connection between this suspect and marijuana possession or distribution; (3) had not personally seen any marijuana at the suspect residence nor [determined ] whether majiuana was likely to be present on the property; and (4) possessed only third-party hearsay information about a possible marijuana grow operation on the property…[the detective] should have realized that he needed to do more independent investigative work to show a fair probability that this suspect was either possessing, distributing or growing marijuana."

*Id.* at 1380.

The circumstances in this case are analogous to those present in *Weaver*. The detective possessed very little personal knowledge regarding the allegations made by the informant. The detective made little to no effort to corroborate the allegations through independent investigation. The evidence in *Weaver* was suppressed by the Sixth Circuit because "a reasonably prudent officer would have sought greater corroboration to show probable cause." *Id.* at 1381. Similarly, the detective in this case should have made a greater effort to corroborate the allegations against Defendant, by conducting his own investigations, surveillance or soliciting further details from Gwaltney regarding his observations and specifics surrounding the basis of his knowledge. The bare bones, boilerplate nature of this affidavit is even further reflected when the affidavit used the language that Defendant was "involved in an organized criminal effort to possess and distribute *Cocaine and Cocaine Base…*" In this case, this factor is even more important in a case wherein the alleged informant provided general information regarding synthetic marijuana, not

5

cocaine. Accordingly, this affidavit was a bare bones affidavit lacking even more than the affidavit in *Weaver*, and accordingly, the good faith exception is inapplicable.

### III. A hearing is required to determine whether any statements given by Defendant before being Mirandized should be suppressed.

The Government argues no hearing is necessary to determine whether Defendant's statement to police should be suppressed, because the statement was given freely and voluntarily; however, Defendant disputes the voluntariness of the statement. "A confession is voluntary in law if, and only if, it was, in fact, voluntarily made." *Miranda v. Arizona*, 348 U.S. 436, 462 (1966). "A confession obtained by compulsion must be excluded whatever may have been the character of the compulsion." *Id.* Regarding the deprivation of freedom, the *Miranda* court said:

> "When an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning…he must be warned prior to any questioning that he has the right to remain silent…Unless and until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him."

*Id.* at 479.

In this case, it was not until after police unlawfully entered Defendant's home with guns drawn that Defendant made the statements concerning this matter. Although Defendant made the statement without an express prompt by police, the prompt was implied by the forced entry and the threat of being at gunpoint. While Defendant believes that all statements and evidence was obtained as a result of an unlawful entry, search and seizure, a hearing would be appropriate for the Court to determine whether the statement was given freely and voluntarily as a matter of law. In any event, Defendant submits that the case should be decided on the basis of the defective and unconstitutional warrant, and accordingly, would first submit that reaching the *Miranda* issue is unnecessary.

## CONCLUSION

For the foregoing reasons, Defendant respectfully submits that Defendant's Motion to Suppress should be granted, or alternatively, a hearing should be granted to determine whether certain evidence should be suppressed.

RESPECTFULLY SUBMITTED,

*THE WHARTON LAW FIRM*


s/André C. Wharton_____
André C. Wharton (#022588)
1575 Madison Avenue
Memphis, Tennessee 38104
901-726-6884
Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Motion to Suppress was forwarded by electronic means via the Court's electronic filing system/and/or email to Mr. Samuel Stringfellow, Assistant U.S. Attorney, 167 N. Main, Suite 800, Memphis, TN 38103, this the 3rd day of June, 2016.

 s/André C. Wharton_____